UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS, CDCR #AG-2394, Plaintiff, vs. O. ORTEGA, et al., Defendants. | Case No.: 3:18-cv-00547-LAB-MDD <br><br> **ORDER:** <br><br> **1) GRANTING MOTION FOR LEAVE TO FILE EXCESS PAGES [ECF No. 3]** <br><br> **2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 2]** <br><br> **AND** <br><br> **3) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

LANCE WILLIAMS ("Plaintiff"), a prisoner incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed this civil rights action pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1.

///

1

Plaintiff did not prepay the civil filing fee required to commence a civil action at the time he filed his Complaint; instead, he filed a Motion for Leave to proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2), together with a Motion requesting leave to file excess pages. *See* ECF No. 3.

## I. Motion for Leave to File Excess Pages

Because Plaintiff was incarcerated at RJD at the time of filing, S.D. Cal. General Order 653 applies to his initial pleadings. General Order 653, first issued by the Judges of this Court on September 28, 2016, sets out procedures whereby the U.S. District Court for the Southern District of California, in conjunction with the California Department of Corrections and Rehabilitation ("CDCR"), adopted a pilot program at RJD requiring that prisoners incarcerated there who wish to file § 1983 actions IFP submit their initial filings electronically with the Clerk of the Court. Any initial documents subject to General Order 653 that are received by the Clerk but which do not comply with General Order 653, are "accepted by the Clerk of Court for filing and docketed, but may be stricken by Court order as authorized by Local Civil Rule 83.1." *See* S.D. Cal. Gen. Order 653 ¶ 2.

General Order 653 also provides, in pertinent part, that "the Court will enforce Local Civil Rule 8.2(a), which prohibits pro se complaints [filed] by prisoners from exceeding twenty-two (22) pages, consisting of the [Court's] seven (7) page form [§ 1983] complaint, plus no more than fifteen additional pages." *Id.* ¶ 4. RJD prisoners subject to both General Order 653 and S.D. Cal. CivLR 8.2(a) may also file a motion to increase this page limit, but each must "demonstrate his or her need to exceed the page limitation." *Id.* ¶¶ 6, 7.

Pro se litigants are generally bound to comply with the Court's Local Rules and any order of the Court. *See* S.D. Cal. CivLR 83.11.a ("Any person appearing propria persona is bound by these rules of court and by the Fed. R. Civ. P. or Fed. R. Crim. P. as appropriate."); *see also* S.D. Cal. CivLR 83.1.a ("Failure of counsel or of any party to comply with these rules, with the Federal Rules of Civil or Criminal Procedure, or with any order of the court" may result in sanctions, including dismissal); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) ("Pro se litigants must follow the same

rules of procedure that govern other litigants.") (quoting *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, 925 (9th Cir. 2012)); *Smith v. Frank*, 923 F.3d 139, 142 (9th Cir. 1991) ("For violations of the local rules, sanctions may be imposed including, in appropriate cases, striking the offending pleading.").

However, "district courts have broad discretion in interpreting and applying their local rules," *Simmons v. Navajo Cty.*, 609 F.3d 1011, 1017 (9th Cir. 2010) (internal quotation and citation omitted), and courts construe the pleadings of pro se litigants in civil rights cases liberally, affording them the benefit of doubt. *See Karim-Panahi v. L.A. Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988); *Bretz v. Kelman*, 773 F.2d 1026, 1027, n.1 (9th Cir. 1985) (en banc). "When a party fails to comply with [a] Local Rule […], the court can, in its discretion, refuse to consider the motion." *Carmax Auto Superstores Cal. Ltd. Liab. Co. v. Hernandez*, 94 F. Supp. 3d 1078, 1087 (C.D. Cal. 2015) (internal citations omitted). "Failure to comply with the Local Rules does not automatically require the denial of a party's motion, however, particularly where the non-moving party has suffered no apparent prejudice as a result of the failure to comply." *Id.* (internal citations omitted); *Mazal Grp., LLC v. Espana*, No. 217CV05856RSWLKS, 2017 WL 6001721, at *2 (C.D. Cal. Dec. 4, 2017).

Here, Plaintiff seeks to be excused from General Order 653 and S.D. Cal. CivLR 8.2(a)'s page limitations, because he claims to have faced "imminent danger of serious physical injury," at the time he filed it, and needs to attach exhibits "so that the Court can see [he] is clearly under imminent danger." *See* ECF No. 3 at 1. As noted above, RJD litigants subject to General Order 653 may file a motion seeking relief from its requirements, so long as they demonstrate good cause. *See* S.D. Cal. Gen. Order 653 ¶¶ 2, 5, 6; *see also* Fed. R. Civ. P. 5(d)(4) ("A clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice.").

As discussed below, Plaintiff seeks to proceed IFP in this case, but his past litigation history may prevent him from doing so in this case unless he plausibly alleges to be "under

imminent danger of serious physical injury" "at the time [his] complaint was filed." *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) (finding that § 1915(g)'s exception "applies if the danger existed at the time the prisoner filed the complaint.") (hereafter "*Cervantes*"). Plaintiff's Complaint exceeds General Order 653 and Local Rule 8.2(a)'s page limits by approximately 20 pages because he has attached to it the declarations of several fellow inmates who allegedly witnessed the events giving rise to his claims. *See* Compl., ECF No. 1 at 17-28.

Thus, because Plaintiff contends these exhibits are necessary to show "imminent danger," the Court finds good cause to GRANT Plaintiff's Motion for Leave to File Excess Pages (ECF No. 3) and declines to exercise its discretion to strike his non-compliant pleading pursuant to S.D. Cal. CivLR 83.1. *See* S.D. Cal. Gen. Order 653 ¶¶ 2, 6.

## II. Motion to Proceed IFP

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Cervantes*, 493 F.3d at 1052 (under the PLRA, "[p]risoners who have

4

3:18-cv-00547-LAB-MDD

repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (noting that when court "review[s] a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'") (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP civil action or appeal in federal court unless he alleges he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

"The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint." *Id.* at 1053 (citing *United States v. Jackson*, 480 F.3d 1014, 1018-19 (9th Cir. 2007) (noting the use of tenses in statutes generally is significant and "one would not refer in the present tense to something that had already happened" (citing The Dictionary Act, 1 U.S.C. § 1)). "In other words, the availability of the exception turns on the conditions a prisoner faced at the time the

complaint was filed, not at some earlier or later time." *Id.* at 1053.

**III. Discussion**

As an initial matter, the Court has carefully reviewed Plaintiff's Complaint, including all its exhibits, and concludes it does not contain any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

Specifically, Plaintiff claims that on March 1, 2018, at approximately 11:30 a.m., he and Correctional Officer Ortega exchanged insults after Plaintiff ignored Ortega's command to "go home [for a] yard recall," and Ortega demanded to see his ID. *See* Compl., ECF No. 1 at 4. Plaintiff contends he remained standing while Ortega "began charging towards [him] in a rage," pushed him against a wall, then punched and kicked him while cuffing him "extremely tight." *Id.* at 4-5. Plaintiff claims Ortega then "put him in a cage" in the "P.S.U. building," and "refus[ed] to acknowledge [his] cries for medical care," while Defendants Valencia, Bustos, and Bowman "watched the entire incident" but failed to intervene. *Id.* at 6. After about an hour, Plaintiff claims Ortega released him, but warned: "Next time think before you talk." *Id.* at 6.

Plaintiff returned to Building 2, but requested that the Control Booth Officer, Defendant Malagoza, release him so that he could report the incident to the Facility A Sergeant, Defendant Lewis. *Id.* at 8. However, Plaintiff contends Sgt. Lewis simply took him back to P.S.U., and then "conspired" with Ortega and Valencia to "fabricate" a CDCR 115 Rules Violation Report ("RVR") against him for threatening staff "in retaliation and to cover up" Ortega's assault. *Id.* at 8-10.[1] Plaintiff further alleges Defendant Kimani, a

---

[1] It is unclear whether any RVR ever issued. On the one hand, Plaintiff contends Ortega "filed a 115 RVR … that was clearly fabricated," and he requests "to have [his] 115 RVR completely eradicated." *See* Compl., ECF No. 1 at 8, 15. On the other, Plaintiff contends Sgt. Lewis later told him there was "an easy way and a hard way," that it was Plaintiff's "choice," and offered "draft up a 128-B chrono" related to the March 1, 2018 incident. *Id.* at 13. Pursuant to recent changes to Title 15, Facility Captains may recommend that RVRs

6

psychiatric technician or nurse, also falsified a medical report of his injuries after examining him at 12:40 p.m., and as a result of being "coerced" to do so by Officer Ortega. *Id.* at 11-13, 30.

On the next day, March 2, 2018, Plaintiff saw Ortega outside the law library, who again upbraided him for "disrespecting staff" and warned Plaintiff would "go to the hole" if he did it again or "file[d] any bullshit 602's." *Id.* at 7. Two days later, on March 5, 2018, Plaintiff again claims Ortega "dare[d] [him] to file a lawsuit." *Id.* And so, three days later, on March 8, 2018,[2] Plaintiff did. *Id.* at 1.

"The prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status." *Andrews*, 398 F.3d at 1120. Here, Plaintiff's allegations that Officer Ortega "snatched" a folder from his hand, pushed him against a wall, cuffed him too tightly after he failed to comply with a direct order, and then failed, together with all other Defendants to provide him immediate medical attention for what Defendant Kimani reported one hour later were only to dried scabs on his writs, *see* Compl., ECF No. 1 at 4-5, 12, 30 (CDCR 7219 "Medical Report of Injury or Unusual Occurrence" dated 3/1/18 at

---

be handled in an "alternate manner" for inmates in the CDCR's Mental Health Services Delivery System ("MHSDS") or the Developmental Disability Program ("DPP"). *See* Cal. Code Regs., tit. 15, § 3317.1 (updated Jan. 1, 2017). Plaintiff has attached an exhibit to his Complaint which documents his participation in RJD's "EOP" ("Enhanced Outpaint Disability Program"). *See* Compl., ECF No. 1 at 34-35.

[2] Plaintiff's Complaint was stamped, scanned, and emailed to the Clerk by RJD's library staff on March 8, 2018, pursuant to S.D. Cal. Gen. Order 653. *See* ECF No. 1 at 1, 16. While Plaintiff's Complaint exceeded the page limits set by Gen. Order 653 ¶ 4 and S.D. Cal. CivLR 8.2(a), no discrepancy Order issued because Plaintiff's non-compliant pleading was accompanied by a motion to exceed page limits, as is permitted by Gen. Order 653 ¶¶ 5, 6. Further, while the case was opened by the Clerk and assigned Civil Case No. 18cv00547 LAB MDD on March 15, 2018, the Court considers it "filed" as of the time Plaintiff submitted it to RJD officials for e-filing. *See Houston v. Lack,* 487 U.S. 266, 270-72 (1988) (deeming notice of appeal to be "filed" when prisoner delivers it to prison authorities for forwarding to the district court); *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) ("*Houston* mailbox rule applies to § 1983 suits filed by pro se prisoners.").

12:40 p.m.), are insufficient to demonstrate any "imminent" or "ongoing danger" of serious physical injury at the time he filed suit one week later. *See Cervantes*, 493 F.3d at 1055 (exception applies only "if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.") (quoting § 1915(g); *see also Olivier v. Brazelton*, No. 1:14-CV-00536-AWI, 2015 WL 4910515, at *3 (E.D. Cal. Aug. 17, 2015) (finding prisoner's claim of prior assaults and a lack of appropriate medical treatment failed to show "ongoing" or "imminent" danger); *White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998) (finding vague and conclusory assertions regarding withheld medical treatment insufficient to satisfy the imminent danger standard).

Plaintiff's broad and conclusory allegations that Defendants "conspired" to fabricate reports and retaliate against him fare no better. *See e.g., Luedtke v. Bertrand,* 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999) ("Plaintiff's vague allegation of a conspiracy among the defendants to beat, assault, injure, harass and retaliate against him are not enough. These allegations are insufficient and lack the specificity necessary to show an imminent threat of serious physical injury."); *see also Gonzales v. Castro*, No. 1:09cv1545-AWI-MJS-PC, 2010 WL 2471030 at *2 (E.D. Cal. June 9, 2010) (finding prisoner's allegations of retaliation insufficient to "constitute a real danger ... or even an ongoing threat" of "serious physical injury" under § 1915(g)).

And while Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system,

if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Therefore, this Court finds that Plaintiff Lance Williams, identified as CDCR #AG-2394, while incarcerated, has had at least seven prior prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1) *Williams v. Aparicio, et al.*, Civil Case No. 2:14-cv-08640-PA-KK (C.D. Cal., West. Div., Dec. 16, 2014 Report and Recommendation ["R&R"] to dismiss Complaint sua sponte for failing to state a claim as time-barred) (ECF No. 8)[3]; (Feb. 5, 2015 Order Accepting R&R and dismissing action with prejudice (ECF No. 9) (strike one);

2) *Williams v. L.A. County, et al.*, Civil Case No. 2:14-cv-08039-PA-KK (C.D. Cal., West. Div., Jan. 7, 2015 Order to Show Cause ["OSC"] Why Action Should not be Dismissed as Untimely) (ECF No. 11); (March 9, 2015 Notice of Voluntary Dismissal) (ECF No. 16)[4] (strike two);

3) *Williams v. Allard, et al.,* Civil Case No. 2:15-cv-00037-PA-KK (C.D. Cal., West. Div., March 27, 2015 OSC Why Action Should not be Dismissed as time-barred) (ECF No. 5); (April 8, 2015 Notice of Voluntary Dismissal) (ECF No. 6) (strike three);

///

---

[3] *See Belanus v. Clark*, 796 F.3d 1021, 1053 (9th Cir. 2007) (dismissals for failure to state a claim because claims were time-barred may be counted as strikes pursuant to 28 U.S.C. § 1915(g)).

[4] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("A prisoner may not avoid incurring strikes simply by declining to take advantage of [an] opportunity to amend.").

4) *Williams v. Kerkfoot, et al.,* Civil Case No. 2:14-cv-07583-GW-KK (C.D. Cal., West. Div. Jan. 22, 2015 Final R&Rs re dismissal of action as time-barred) (ECF No. 18); (May 15, 2015 Order Accepting R&R) (ECF No. 21) (strike four);

5) *Williams v. Young, et al.*, Civil Case No. 2:14-cv-08037-PA-KK (C.D. Cal., West. Div. May 19, 2015 Memorandum and Order Dismissing Action as Untimely) (ECF No. 17) (strike five);

6) *Williams v. Winsaver, et al.,* Civil Case No. 2:15-cv-01228-CMK (E.D. Cal. Sept. 30, 2016 Order Dismissing Complaint for failing to state a claim with leave to amend pursuant to 28 U.S.C. § 1915A) (ECF No. 9); (Oct. 11, 2017 Order noting Plaintiff's Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41) (ECF No. 15) (strike six);[5] and

7) *Williams v. Young, et al.,* Appeal No. 15-55967 (9th Cir., Sept. 18, 2015) (Order) ("We deny appellant's motion to proceed in forma pauperis because we … find the appeal is frivolous.") (Dkt. No. 8) (strike seven).[6]

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this civil action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes

---

[5] *See Harris*, 863 F.3d at 1143 ("[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, and (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

[6] *See Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015) (finding that appellate court's denial of prisoner's request for IFP status on appeal on grounds of frivolousness constituted a "strike" under § 1915(g) "even though [it] did not dismiss the appeal until later when the [appellant] did not pay the filing fee.").

prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").[7]

## IV. Failure to Exhaust

Finally, even if Plaintiff were entitled to proceed IFP, the Court notes that his case is nevertheless subject to dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) based on his conceded failure to exhaust available administrative remedies prior to filing his Complaint. *See* ECF No. 1 at 14; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint

---

[7] Plaintiff has also been denied leave to proceed IFP, or has had his IFP status revoked pursuant to 28 U.S.C. § 1915(g), on multiple occasions in this Court, as well as in the Central and Eastern Districts of California. *See Williams v. Buenostrome, et al.*, Civil Case No. 3:17-cv-02345-MMA-JLB (S.D. Cal. Jan. 31, 2018 Order Granting Leave to Amend and Denying Motion to Proceed IFP as barred by 28 U.S.C. § 1915(g)) [ECF No. 11]; *Williams v. Paramo, et al.*, Civil Case No. 3:18-cv-2596-MMA-BLM (S. D. Cal. March 1, 2018 Order Denying Motion to Proceed IFP as barred by 28 U.S.C. § 1915(g)) [ECF No. 3]; *Williams v. Villescaz, et al.*, Civil Case No. 2:15-cv-01230-CKD (E. D. Cal. Feb. 24, 2016 Order Revoking IFP as Barred by 28 U.S.C. § 1915(g)) (ECF No. 20); *Williams v. Just*, Civil Case No. 2:15-cv-02143-WBS-CKD (E.D. Cal. Feb. 25, 2016 Order Granting Motion to Revoke IFP per § 1915(g)) (ECF No. 23), *aff'd*, Appeal No. 16-16210 (Ninth Cir., Aug. 17, 2017) (Mem.) (Dkt. No. 23-1); *Williams v. DeGeorges*, Civil Case No. 2:16-cv-00025-TLN-CKD (E.D. Cal. Feb. 24, 2016 Order Denying IFP per § 1915(g)) (ECF No. 6), *aff'd*, Appeal No. 16-16106 (Ninth Cir., Aug. 17, 2017) (Mem.) (Dkt. No. 10-1); *Williams v. Sharp*, Civil Case No. 2:15-cv-02542-GEB-KJN (E.D. Cal., July 14, 2016 Order Adopting F&R and Granting Motion to Revoke IFP as barred by 28 U.S.C. § 1915(g) (ECF No. 16), *aff'd,* Appeal No. 16-17105 (Ninth Cir. Aug. 17, 2017) (Mem.) (Dkt. No. 20-1); *Williams v. Garcia, et al*., Civil Case No. 2:16-cv-06744-PA-KK (C.D. Cal., West. Div. Nov. 22, 2016) (Order Denying IFP as barred by § 1915(g)) (ECF No. 9), *aff'd*, Appeal No. 16-56854 (Ninth Cir. Aug. 17, 2017) (Mem.) (Dkt. No. 10-1); *Williams v. Logan, et al.*, Civil Case No. 2:15-cv-02084-MCE-AC (E.D. Cal. June 20, 2017 Order Adopting F&R and Granting Motion to Revoke IFP per § 1915(g)) (ECF No. 21), and *Williams v. Escalante, et al.,* Civil Case No. 2:17-cv-01139-KJN (E.D. Cal. Aug. 31, 2017 Order denying IFP as barred by 28 U.S.C. § 1915(g) (ECF No. 8).

that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity.").

While the "failure to exhaust is an affirmative defense under the PLRA," *Jones v. Bock*, 549 U.S. 199, 216 (2007), a prisoner's complaint may be subject to dismissal for failure to state a claim when an affirmative defense appears plainly on its face. *Id.* at 215; *see also Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (noting that where "a prisoner's failure to exhaust is clear from the face of the complaint," his complaint is subject to dismissal for failure to state a claim); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal[.]"), *overruled on other grounds by Albino*, 747 F.3d at 1166.

Here, Plaintiff plainly admits that he did not exhaust available administrative remedies before filing on the face of his Complaint, and instead claims he is exempt due to "imminent danger." *See* Compl., ECF No. 1 at 14. But while "imminent danger" is a statutory exception to § 1915(g)'s 3-strikes rule, the Court may not read "exceptions into [42 U.S.C. § 1997e(a)'s] statutory exhaustion requirement[] where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741, n.6 (2001); *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016). Indeed it would appear impossible for Plaintiff to have exhausted the CDCR's multi-step administrative grievance process as to each of the claims alleged in his Complaint prior to filing—for the actions challenged in this action are alleged to have occurred a mere week before Plaintiff elected to file suit. *See Jackson v. Fong*, 870 F.3d 928, 935 (9th Cir. 2017) (holding that 42 U.S.C. § 1997e(a)'s "[e]xhaustion requirements apply based on when a plaintiff filed the operative complaint.").

## V. Conclusion and Order

For the reasons set forth above, the Court:

1) **GRANTS** Plaintiff's Motion for Leave to File Excess Pages (ECF No. 3);

///

2) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g);

3) **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a);

4) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

5) **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

Dated: May 25, 2018

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　HON. LARRY ALAN BURNS
　　　　　　　　　　　　　　　　United States District Judge