UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS, CDCR #AG-2394,<br><br>                           Plaintiff,<br><br>vs.<br><br>O. ORTEGA, et al.,<br><br>                         Defendants. | Case No.: 3:18-cv-00547-LAB-MDD<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT AND SUMMONS PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

**I.    Procedural Background**

Lance Williams ("Plaintiff"), a prisoner incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 8, 2018. *See* Compl., ECF No. 1. Williams did not prepay the civil filing fee required to commence a civil action at the time he filed his Complaint; instead, he filed a Motion for Leave to proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

1

On May 29, 2018, this Court reviewed Williams' Complaint as well as his litigation history and denied his Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(g). *See* ECF No. 9. The Court identified seven prior federal civil actions and appeals filed by Williams in federal court while he was incarcerated that were dismissed as frivolous or for failing to state a claim, and further found his Complaint contained no plausible allegations to suggest he faced "imminent danger of serious physical injury" at the time he filed it. *See* ECF No. 9 at 6-8. In addition, Court noted that even if Williams were entitled to proceed IFP, he plainly admitted he failed to exhaust administrative remedies prior to filing as required by 42 U.S.C. § 1997e(a) on the face of his pleading. *Id.* at 12. Therefore, the Court dismissed Williams' case without prejudice based on his failure to prepay the filing fees required by 28 U.S.C. § 1914(a). *Id.* at 13.

Williams appealed, and on March 15, 2019, the Ninth Circuit reversed this Court's IFP determination in an unpublished memorandum and remanded the case for further proceedings. *See Williams v. Ortega, et al.*, Ninth Cir. Appeal No. 18-55778, slip op. at 3 (March 15, 2019) (ECF No. 16). Specifically, the Court of Appeals found Williams' allegations of having been "physically assaulted by defendant Ortega," and defendant Ortega and Lewis' alleged threats of "further attacks and worse injuries if Williams were to report Ortega's conduct or file any grievances or lawsuits over the incident" sufficient to satisfy § 1915(g)'s exception for ongoing imminent danger. *Id.* The Court of Appeals further acknowledged that while this Court "correctly point[ed] out that Williams' failure to exhaust is clear from the face of the complaint," it was not also clear at this "early stage of the proceedings, before defendants have appeared, that administrative remedies were in fact available to Williams." *Id.* at 4. Therefore, the panel remanded the case so that "the parties may litigate whether administrative remedies were available." *Id.*

On April 8, 2019, the Ninth Circuit issued its mandate pursuant to Fed. R. App. P. 41(a), and the case was re-opened for further proceedings consistent with the Ninth Circuit's judgment. *See* ECF No. 16.

///

## II.  Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). However, prisoners who are granted leave to proceed IFP remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

3

In support of his IFP Motion, Williams submitted a copy of his CDCR Inmate Statement Report as well as a Prison Certificate completed by a trust account official at RJD. *See* ECF No. 6; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These documents show Williams carried an average monthly balance of $289.75, and maintained $289.75 in average monthly deposits to his trust account for the 6-months preceding the filing of his Complaint; but he had an available balance of zero at the time it was filed. *See* ECF No. 6 at 1, 3.

Therefore, the Court now **GRANTS** Williams' Motion to Proceed IFP (ECF No. 2) and assesses no initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). However, the Court will direct the Acting Secretary of the CDCR, or his designee, to collect the full balance of the $350 total fee owed in this case and forward installments to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(1).

**III. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

A. Standard of Review

Because Williams is a prisoner and is proceeding IFP, his Complaint also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'"

4

*Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.   Factual Allegations

Williams claims that on March 1, 2018, at approximately 11:30 a.m., he and Correctional Officer Ortega exchanged insults after Williams ignored Ortega's command to "go home [for a] yard recall," and Ortega demanded to see his ID. *See* Compl., ECF No. 1 at 4. Williams contends he remained standing while Ortega "began charging towards [him] in a rage," pushed him against a wall, then punched and kicked him while cuffing him "extremely tight." *Id.* at 4-5. Ortega then "put him in a cage" in the "P.S.U. building," and "refus[ed] to acknowledge [his] cries for medical care," while Defendants Valencia, Bustos, and Bowman "watched the entire incident" but failed to intervene. *Id.*

at 6. After about an hour, Williams claims Ortega released him, but warned: "Next time think before you talk." *Id.* at 6.

Williams returned to Building 2, but requested that the Control Booth Officer, Defendant Malagoza, release him so that he could report the incident to the Facility A Sergeant, Defendant Lewis. *Id.* at 8. However, Williams contends Sgt. Lewis simply took him back to P.S.U., and then "conspired" with Ortega and Valencia to "fabricate" a CDCR 115 Rules Violation Report ("RVR") against him for threatening staff "in retaliation and to cover up" Ortega's assault. *Id.* at 8-10. Williams further alleges Defendant Kimani, a psychiatric technician or nurse, also falsified a medical report of his injuries after examining him at 12:40 p.m., and as a result of being "coerced" to do so by Officer Ortega. *Id.* at 11-13, 30.

On the next day, March 2, 2018, Williams encountered Ortega outside the law library, who again upbraided him for "disrespecting staff" and warned he would "go to the hole" if he did it again or "file[d] any bullshit 602's." *Id.* at 7. Two days later, on March 5, 2018, Williams again claims Ortega "dare[d] [him] to file a lawsuit." *Id.* And so, three days later, on March 8, 2018, Williams did. *Id.* at 1.

As currently pleaded, the Court finds Plaintiff's Complaint contains "sufficient factual matter, accepted as true," to state First and Eighth Amendment claims for relief that are "plausible on its face," *Iqbal,* 556 U.S. at 678, and therefore, sufficient to survive the "low threshold" set for sua sponte screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment); *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) (for claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.") (citing *Hudson*, 503 U.S. at 7); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a

state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.").

Therefore, the Court will direct the U.S. Marshal to effect service of summons and Williams' Complaint on his behalf.[2] *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

### IV. Conclusion and Order

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DIRECTS** the Acting Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

---

[2] Williams is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007). And despite Williams' concession that he failed to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a) prior to bringing suit, *see* Compl., ECF No. 1 at 14, Defendants must file a motion for summary judgment should they wish to defend on this basis. *See Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014).

7

1 | 3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Acting Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001;

4. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) and to forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each named Defendant. In addition, the Clerk will provide Plaintiff with certified copies of this Order, his Complaint, and the summons so that he may serve these Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285s as completely and accurately as possible, *include an address where each named Defendant may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1c., and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

5. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon the Defendants as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

6. **ORDERS** Defendants, once they have been served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

7. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every

8

3:18-cv-00547-LAB-MDD

original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendants, or their counsel, may be disregarded.

**IT IS SO ORDERED**.

Dated: April 10, 2019

*[signature]*
Hon. Larry Alan Burns
Chief United States District Judge