UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>       Plaintiff,<br><br>v.<br><br>O. ORTEGA, ET AL.,<br><br>       Defendants. | Case No.: 18-cv-00547-LAB-MDD<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: DEFENDANTS' MOTION TO DISMISS**<br><br>**[ECF No. 26]** |

This Report and Recommendation is submitted to United States Judge Larry Alan Burns pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.

For the reasons set forth herein, it is **RECOMMENDED** that Defendants' Motions to Dismiss be **GRANTED**.

## I. PROCEDURAL HISTORY

Plaintiff Lance Williams ("Plaintiff") is a state prisoner at Richard J. Donovan Correctional Facility ("Donovan") proceeding *pro se* and *in forma*

*pauperis*. (ECF No. 26 at 1).[1]  On March 15, 2018, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 ("Complaint").  (ECF No. 1).  The Complaint sets forth various claims against officer J. Melgoza ("Defendant Melgoza"), psychiatric technician/nurse M. Kimani ("Defendant Kimani"), and others. Plaintiff alleges that Defendants Melgoza and Kimani violated his Eighth Amendment rights by acting with deliberate indifference to his serious medical needs.  (ECF No. 1 at 8, 11-12).  Plaintiff further alleges that Defendant Kimani falsified medical records in violation of California Penal Code sections 132 and 134.  (*Id.* at 2).

On June 28, 2019, Defendants Melgoza and Kimani filed a Motion to Dismiss the claims against them.  (ECF No. 26).  Defendants contend that Plaintiff failed to allege that Defendants Melgoza and Kimani were deliberately indifferent to Plaintiff's medical needs.  (ECF No. 26-1 at 3-4). Defendants further contend that California Penal Code sections 132 and 134 do not offer redress under 42 U.S.C. § 1983.  (*Id.* at 5-6).

On July 14, 2019, Plaintiff filed an Opposition to Defendants' Motion to Dismiss ("Opposition").  (ECF No. 28).  In the Opposition, Plaintiff alleges additional facts that were not alleged in the Complaint.  In ruling on a motion to dismiss, the court may not consider facts alleged for the first time in opposition to a motion to dismiss.  *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993).  As such, the Court's analysis is limited to the facts alleged in the Complaint.

## II. BACKGROUND FACTS

The facts as presented are taken from Plaintiff's Complaint and are not

---

[1] All pincite page references refer to the automatically generated ECF page number, not the page number in the original document.

to be construed as findings of fact by the Court. This discussion is limited to the allegations regarding Defendants Melgoza and Kimani.

Plaintiff's claims arise from a series of events on March 1, 2018. (ECF No. 1 at 4). On March 1, 2018, Plaintiff walked to the sergeant's office and crossed paths with officer Ortega ("Defendant Ortega"). (*Id.*). Defendant Ortega told Plaintiff it was "yard recall" and Plaintiff must return to his cell. (*Id.*). Plaintiff told Defendant Ortega that Plaintiff was going to see the sergeant about "his court call," and continued walking. (*Id.*). The conversation led to an altercation where Defendant Ortega pushed Plaintiff into the wall. (*Id.* at 5). The altercation escalated and ended with Defendant Ortega handcuffing Plaintiff. (*Id.*). Plaintiff alleges that Defendant Ortega pulled the handcuffs "extremely tight." (*Id.*). Defendant Ortega took Plaintiff to the P.S.U. mental health building and placed Plaintiff in the "cage," where Plaintiff remained for one hour. (*Id.*). Plaintiff requested medical throughout the hour he spent in the cage. (*Id.* at 6).

After Plaintiff was released from the cage, Plaintiff returned to his building. (*Id.* at 8). Plaintiff asked Defendant Melgoza to call medical to treat his injuries sustained during the altercation with Defendant Ortega. (*Id.*). Defendant Melgoza said, "I'm not calling anybody go tell the Seargent." [sic] (*Id.*). Plaintiff requested Defendant Melgoza allow Plaintiff out of the building to speak with the sergeant. (*Id.*). Defendant Melgoza allowed Plaintiff out of the building. (*Id.*). Before this conversation with Defendant Melgoza, Plaintiff "went to numerous inmates cells" [sic] to show them his injuries. (*Id.*).

In his examination following this incident, Plaintiff showed Defendant Kimani "fresh dried blood" on his wrist, a cut in his nose [sic], and fresh blood on his shirt. (*Id.* at 11). Plaintiff informed Defendant Kimani of "throbbing

3

pain" in his body and that he could not move his ring finger. (*Id.*). Defendant Kimani did not perform a mental health assessment or check Plaintiff's body for injuries or bruising. (*Id.* at 12). Plaintiff attached to the Complaint a copy of the medical report Defendant Kimani prepared following the examination. (*Id.* at 30). The report indicates that Plaintiff had scabs on his wrists. (*Id.*). The report indicates that Defendant Kimani examined Plaintiff at 12:40 and that a registered nurse was notified at 13:00. (*Id.*). Plaintiff alleges Defendant Kimani falsified this report. (*Id.* at 12).

### III. LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (internal quotations omitted). The pleader must provide the Court with "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The court must assume the truth of the facts which are presented and construe all inferences from them in the light most favorable to the non-moving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

A *pro se* pleading is construed liberally on a defendant's motion to dismiss for failure to state a claim. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (citing *Ortez v. Washington Cty.*, 88 F.3d 804, 807 (9th Cir. 1996)). The *pro se* pleader must still set out facts in his complaint that bring his claims "across the line from conceivable to plausible." *Twombly*, 550 U.S.

4

18cv547-LAB-MDD

at 570.

A *pro se* litigant is entitled to notice of deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). Thus, the court is not required to accept as true allegations that are "supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Furthermore, the court "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## IV. DISCUSSION

### A. Deliberate Indifference

Plaintiff alleges that Defendants Melgoza and Kimani violated his Eighth Amendment right to be free from cruel and unusual punishment when the defendants delayed treatment and denied Plaintiff access to treatment. (ECF No. 1 at 8, 11-12). Defendants contend that Plaintiff's claim fails as a matter of law because he has not pled facts sufficient to show that either Defendant acted with deliberate indifference to Plaintiff's serious medical needs. (ECF No. 26-1 at 4-5).

The Eighth Amendment is violated when prison officials demonstrate "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir. 1996). In order to state a claim for deliberate indifference under the Eighth Amendment, an inmate must plead facts sufficient to show both an objective and a subjective requirement. *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014).

First, to satisfy the objective prong, the inmate must show that he suffered a deprivation or injury that was "objectively, sufficiently serious."

*Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (internal quotations omitted). A serious medical need is shown if a failure to provide adequate treatment results in wanton and unnecessary infliction of pain. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992).

Next, to satisfy the subjective prong, the inmate must demonstrate that "the official [knew] of and disregard[ed] an excessive risk to inmate health or safety…" *Farmer,* 511 U.S. at 837. The official must have been aware of facts or factual circumstances that would allow him to draw the inference that a substantial risk of serious harm to the inmate's health and safety exists, and he must *also* draw that inference. *Id.*

It is not enough that the plaintiff merely disagree with the course of treatment provided. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). A difference in medical opinion is "insufficient, as a matter of law, to establish deliberate indifference." *Id.* (citing *Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir. 1996)).

**1. Defendant Melgoza**

Plaintiff alleges that Defendant Melgoza was deliberately indifferent to Plaintiff's serious medical needs. (ECF No. 1 at 3).

Plaintiff asked Defendant Melgoza to call medical. (ECF 1 at 8). Defendant Melgoza said, "I'm not calling anybody go tell the Seargent." [sic] (*Id.*). Plaintiff requested Defendant Melgoza allow Plaintiff out of the building to speak with the sergeant. (*Id.*). Defendant Melgoza allowed Plaintiff out of the building. (*Id.*). Before this conversation with Defendant Melgoza, Plaintiff "went to numerous inmates cells" [sic] to show them his injuries. (*Id.*).

Plaintiff fails to provide any documentation or information which objectively shows that a serious injury was present. Plaintiff requested and

6

received medical care. By allowing Plaintiff out of the building to speak with the sergeant regarding Plaintiff's injuries, Defendant Melgoza did not disregard Plaintiff's health, as Plaintiff so claims. Further, prior to requesting medical care, Plaintiff went to "numerous inmates" to show them his injuries. The time Plaintiff spent showing his injuries to other inmates before seeking medical care suggests Plaintiff's injuries were not serious medical needs. Plaintiff's unsupported claim of deliberate indifference to a serious medical need is not sufficient to constitute a constitutional violation. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004).

### 2. Defendant Kimani

Plaintiff alleges that Defendant Kimani was deliberately indifferent to Plaintiff's serious medical needs because Defendant Kimani failed to call medical or take Plaintiff to medical. (ECF No. 1 at 11). Plaintiff further alleges that Defendant Kimani falsified the March 1, 2018 medical report, in violation of California Penal Code sections 132 and 134. (*Id.* at 2).

Plaintiff asserts that during the examination, he showed Defendant Kimani "fresh dried blood" on his wrist, a cut in his nose [sic], and fresh blood on his shirt. (*Id.* at 11). Plaintiff attached to the Complaint the medical report Defendant Kimani prepared following the examination. (*Id.* at 30). The report indicates that Plaintiff had scabs on his wrists. (*Id.*). The report also indicates that Defendant Kimani examined Plaintiff at 12:20 and that a registered nurse was notified at 13:00. (*Id.*).

There is no objective showing of a serious medical need and no showing of a deprivation of treatment. Plaintiff asked for and received medical care. Defendant Kimani documented the examination in a medical report. The medical report indicates that Plaintiff had scabs on his wrist and that a registered nurse was notified. Plaintiff has failed to demonstrate that

Defendant Kimani knew of and disregarded an excessive risk to Plaintiff's health. No inference can be drawn in favor of a substantial risk of serious harm. Plaintiff's disagreement with Defendant Kimani's treatment is not enough to demonstrate deliberate indifference to a serious medical need. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). The facts as pled by Plaintiff lack detail sufficient to overcome the high burden of demonstrating deliberate indifference.

Accordingly, the Court **RECOMMENDS** that Defendants' Motion to Dismiss Plaintiff's Eighth Amendment claims for Deliberate Indifference be **GRANTED** as to Defendants Melgoza and Kimani.

### B. False Report

Plaintiff alleges that Defendant Kimani falsified the March 1, 2018 medical report in violation of California Penal Code sections 132 and 134. (ECF 1 at 2). Defendants argue that because these sections do not give rise to civil liability, these claims should be dismissed. (ECF 26-1 at 6).

California Penal Code section 132 ("Section 132") makes it a felony to offer in evidence a record that the person knows has been forged. Cal. Penal Code § 132 (West 2019). California Penal Code section 134 ("Section 134") makes it a felony to prepare a false record with the intent to produce it for any fraudulent purpose in a trial or other proceeding. Cal. Penal Code § 132 (West 2019). Criminal statutes do not create civil liability. *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (2006). As criminal statutes, neither Section 132 nor Section 134 create civil liability.

Accordingly, the Court **RECOMMENDS** that Defendants' Motion to Dismiss Plaintiff's claim for falsifying medical records be **GRANTED** as to Defendant Kimani.

///

## V. CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that:

Defendants' Motion to Dismiss Plaintiff's Eighth Amendment claims for Deliberate Indifference be **GRANTED** as to Defendants Melgoza and Kimani and **DISMISSED WITHOUT PREJUDICE**.

Defendants' Motion to Dismiss Plaintiff's claim for falsifying medical records be **GRANTED** as to Defendant Kimani and **DISMISSED WITH PREJUDICE** to the extent Plaintiff's falsifying medical records claim against Defendant Kimani is based upon California Penal Code Section 132 and Section 134.

This Report and Recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Any party may file written objections with the court and serve a copy on all parties by **September 23, 2019**. The document shall be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed by **September 30, 2019**.

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated: September 6, 2019

Hon. Mitchell D. Dembin
United States Magistrate Judge