UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS, CDCR #AG-2394,<br><br>                    Plaintiff,<br>vs.<br>O. ORTEGA, et al.,<br>                    Defendants. | Case No.: 3:18-cv-00547-LAB-MDD<br><br>**ORDER GRANTING EXTENSION OF TIME TO OBJECT TO REPORT AND RECOMMENDATION;**<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION; AND**<br><br>**ORDER DISMISSING CLAIMS AGAINST DEFENDANTS MELGOZA AND KIMANI** |

Lance Williams, a prisoner incarcerated at Richard J. Donovan Correctional Facility in San Diego, California, and proceeding *pro se*, filed this civil rights action bringing claims under 42 U.S.C. § 1983. Williams brought Eighth Amendment claims against Defendants J. Melgoza and M. Kimani, for deliberate indifference to serious medical needs following an altercation with another prison officer. Under 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c), the motion was referred to Magistrate Judge Mitch Dembin who on September 9 issued his report and recommendation (the "R&R"). Williams sought an

1

extension of time to file objections to the R&R, but before the Court ruled on his motion, he filed his objections.

Williams' motion for extension of time to file objections (Docket no. 30) is **GRANTED**, and his objections are accepted as filed.

**Legal Standards**

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id*. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This section does not require some lesser review by the district court when no objections are filed. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). The "statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original).

The R&R correctly sets forth the standard for motions to dismiss, which the Court **ADOPTS**. Although Williams in his opposition to the motion to dismiss alleged some new facts, the R&R correctly points out that these should not be considered when deciding whether the complaint states a claim. While the Court can consider additional allegations made in the briefing when deciding whether to grant leave to amend, when ruling on a motion to dismiss the Court considers only facts alleged in the complaint. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993).

Prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).To plead a deliberate indifference claim under the Eight Amendment, a plaintiff must plead facts showing that the defendants were deliberately indifferent, not merely negligent, and that his medical needs were serious. *See Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976). Serious medical needs include those that could result in further significant injury if

2
3:18-cv-00547-LAB-MDD

untreated, or in the "unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing *Estelle*, 429 U.S. at 104.) Serious medical needs include injuries that a reasonable doctor or patient would find important and worthy of treatment, medical conditions that significantly affect the prisoner's daily activities, or the existence of chronic and substantial pain. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000).

**Discussion**

Williams filed this action about a week after the incident that gave rise to it. In his opposition to the motion to dismiss, he for the first time refers to other events that had not happened at the time he filed suit, and alleges facts the complaint does not mention. As noted, the Court considers only allegations in the complaint when determining whether the complaint states a claim.

Williams' claims against Kimani include a charge that Kimani falsified Williams' medical records to make his injury seem less serious. Williams argues that falsifying medical records violates California Penal Code sections 132 and 134. The R&R correctly points out that these sections are not privately actionable. Furthermore, the falsification of medical records, by itself, does not give rise to a deliberate indifference claim.

According to the complaint, another officer assaulted Williams, resulting in a cut or bloody nose, a bruised and cut wrist, throbbing pain in his body, and inability to move his ring finger. (Compl. at 5(b).) Williams first showed his injuries to numerous other inmates then asked Melgoza to summon medical help. (*Id.* at 5.) Melgoza allegedly refused to call for medical help himself, but told Williams to see the sergeant about it and let him out of the building so he could do that. (*Id.*) Later Kimani, a nurse, examined Williams. He alleges that she failed to check for bruises, failed to do a mental health check, and failed to call for medical help.

In his opposition, Williams alleges new and inconsistent facts, suggesting that the blood was not dry, but still dripping from his wrist when Kimani examined him. He alleges that the seriousness of his injuries would have been obvious to a nurse such as Kimani. He also alleges injury to his finger that later required cortisone injections and surgery. But he

does not allege any facts suggesting that immediate medical attention to his finger was necessary or would have helped.

According to the pleadings, neither Melgoza nor Kimani was indifferent to Williams' serious medical needs, both because the needs were not serious for purposes of Eighth Amendment analysis, and because neither of them was indifferent. Melgoza did not call for medical help, but did allow Williams to talk to the sergeant about his medical needs, which resulted in Williams being seen by a nurse, Kimani.

For her part, Kimani examined Williams and inquired about the cause of his injuries. Although he alleges she should have examined him for bruises, at least some parts of his body (his forehead and neck) that he said were throbbing in pain were visible to her. Objectively, the injuries were not serious for Eighth Amendment purposes. Besides the pain, he says he "showed her my bruised, cut wrist mainly on top and fresh dried blood all over my wrist and the cut in my nose." (Compl. at 5(b).) And, as the R&R correctly points out, before seeking medical help, Williams first walked around, showing his injuries to other prisoners.

When considering similar injuries, both district courts and the Ninth Circuit have held they did not amount to a "serious medical need" within the meaning of the Eight Amendment. In *Pratt v. Minnix*, 2012 WL 359658 (D. Nev., Feb. 2, 2012), a prisoner alleged that a prison officer assaulted him. The plaintiff there suffered a swollen eye, a bloody nose, and abrasions and bruises on his face and back. *Id.* at *7. The district court held that these injuries were "not so serious to require further prompt treatment," and dismissed the deliberate indifference claim. *Id.* at *8. The Ninth Circuit agreed, calling the injuries "minor." 538 Fed. Appx. 771, 772 (9th Cir. 2012).

In *Campbell v. Portillo*, 2012 WL 6561271, at 10 (D. Nev., Oct. 16, 2012), a prisoner involved in an altercation with an officer suffered a bloody nose and a red mark on his clavicle, and vomited. Depriving the plaintiff of immediate treatment for these, the district court found, did not violate the Eighth Amendment. *Id.*; *see also Campbell v. Portillo*, 609 Fed. Appx. 439, 439 (9th Cir. 2015) (affirming dismissal of deliberate indifference claim).

4

3:18-cv-00547-LAB-MDD

**Conclusion and Order**

The Court has reviewed *de novo* those portions of the R&R to which Williams has made specific written objections, and **OVERRULES** the objections. The Court finds the R&R to be correct, except that because Melgoza permitted Williams to ask the sergeant for medical help, it is obvious he cannot be held liable for deliberate indifference. The R&R is deemed modified to include this change. So modified, the R&R is **ADOPTED**. The Court **GRANTS** in part the motion to dismiss. (Docket no. 26.) All claims against Melgoza are **DISMISSED WITH PREJUDICE** and Melgoza is **DISMISSED** as a party. Claims against Kimani for falsifying medical records are also **DISMISSED WITH PREJUDICE**. Claims against Kimani for deliberate indifference to serious medical needs are **DISMISSED WITHOUT PREJUDICE**. If Williams believes he can successfully amend to state a claim against Kimani for deliberate indifference to serious medical needs, he may file an amended complaint within **21 days of the date this order is issued**. Any necessary amendments are likely to be mainly factual in nature, and Williams is familiar with his own medical history. Therefore, it is unlikely he would be given additional time to conduct legal research.

**IT IS SO ORDERED**.

Dated: November 4, 2019

Hon. Larry Alan Burns
Chief United States District Judge