UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>        Plaintiff,<br><br>v.<br><br>O. ORTEGA, et al.,<br><br>        Defendants. | Case No.: 18-cv-00547-LAB-MDD<br><br>**ORDER RE: PLAINTIFF'S LETTER AND REQUEST FOR SUBPOENA DOCUMENTS**<br><br>[ECF No. 57] |

Plaintiff Lance Williams is a state prisoner proceeding *pro se* and *in forma pauperis,* with a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 39). On July 17, 2020, Plaintiff filed a letter requesting the Court to stamp and certify a subpoena duces tecum to be served by the United States Marshal on a non-party. (ECF No. 57). Plaintiff's proposed subpoena, directed to the non-party Richard J. Donovan Litigation Department for the attention of "II Connie," seeks information regarding to all "D.D.P. employees working under Dr. Zudiker" between the dates of January 1, 2018 and January 1, 2019.

Service of a subpoena *duces tecum* is governed by Federal Rule of Civil Procedure 45. A *pro se* plaintiff who is not admitted to practice law is not authorized to sign and issue a subpoena. *See Cramer v. Target Corp.*, 2010 U.S. Dist. LEXIS 53941, at *1 (E.D. Cal. 2010). Accordingly, a *pro se in*

1  *forma pauperis* ("*IFP*") plaintiff "is generally entitled to obtain service of a
2  subpoena duces tecum by the United States Marshal.  28 U.S.C. § 1915(d);
3  *See Heilman v. Lyons*, 2010 U.S. Dist. LEXIS 136449, at *1 (E.D. Cal. 2010)
4  (granting in part *pro se IFP* prisoner plaintiff's motion to authorize the U.S.
5  Marshal to serve a subpoena on the CDCR).

6  However, "the expenditure of public funds [on behalf of an indigent
7  litigant] is proper only when authorized by Congress . . . ."  *Heilman v.*
8  *Thumser*, 2014 U.S. Dist. LEXIS 2208, at *2 (E.D. Cal. 2014) (citing *Tedder v.*
9  *Odel,* 890 F.2d 210, 211-12 (9th Cir. 1989)).  Consequently, the *in forma*
10 *pauperis* statute does not authorize nor entitle the expenditure or waiver of
11 public funds for service of subpoenas.  *Davis v. Paramo*, 2017 U.S. Dist.
12 LEXIS 21255, at *8 (S.D. Cal. 2017);  *See Tedder*, 890 F.2d 210 at 211-212;
13 *See generally*  28 U.S.C. § 1915(d).

14 Subject to certain considerations, the Court may authorize the issuance
15 of a subpoena on behalf of a *pro se IFP* litigant.  The Court generally requires
16 that Plaintiff's motion "be supported by: (1) clear identification of the
17 documents sought and from whom, and (2) a showing that the records are
18 obtainable only through the identified third party." *Lyons*, 2010 U.S. Dist.
19 LEXIS 136449, *3.  Further considerations under the Federal Rules of Civil
20 Procedure include the relevance of the information sought and the burden
21 and expense on the non-party to provide the information.  *Smith v.*
22 *Rodriguez*, 2016 U.S. Dist. LEXIS 43991, at *11 (E.D. Cal. 2016);  *See* Fed. R.
23 Civ. P. 26, 45.  Non-parties are "entitled to have the benefit of the Court's
24 vigilance" in considering these factors.  *Alexander v. California Dept. of*
25 *Corrections*, 2010 U.S. Dist. LEXIS 113197, at *9 (E.D. Cal. 2010) (*citing*
26 *Badman v. Stark,* 139 F.R.D. 601, 605 (M.D. Pa. 1991)).

27 Here, Plaintiff has not shown that the requested documents are not

1 available to him and not obtainable from Defendants through discovery.
2 Thus, plaintiff has not shown that he took reasonable steps to obtain the
3 requested documents prior to requesting service of the subpoena from a non-
4 party.  Consequently, Plaintiff's motion does not fall within the limited
5 circumstances under which the Court might order the U.S. Marshal to serve
6 a subpoena duces tecum.  Furthermore, any documents within the
7 possession, custody or control of Defendants may be obtained by Plaintiff
8 through other discovery means such as a request for production of
9 documents.

**IT IS SO ORDERED.**

Dated:   August 6, 2020

Hon. Mitchell D. Dembin
United States Magistrate Judge