UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>                     Plaintiff,<br><br>v.<br><br>O. ORTEGA, et al.,<br><br>                    Defendants. | Case No.: 18-cv-0547-LAB-MDD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**<br><br>[ECF No. 70] |

      Plaintiff Lance Williams ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, moves to compel Defendants O. Ortega, R. Valencia, S. Bustos, F. Lewis, A. Bowman, and M. Kimani (collectively, "Defendants") to respond to Plaintiff's request for production of documents, set four. (ECF No. 70). Plaintiff did not attach his discovery requests to his motion, but indicates it is the same information requested in a "subpoena received by the court dated July 17, 2020." (*Id.* at 1). Plaintiff contends that the subpoena was mailed to Defendants well before the discovery deadline and that the requests for production of documents, set four, were sent with the instant motion on September 1, 2020. (*Id.*). Plaintiff further moves the Court to issue the subpoena he sent to the Court on July 17, 2020 if the Court denies his motion to compel. (*Id.* at 2).

In the subpoena sent to the Court in July, Plaintiff requested the "full names of all D.D.P. employees working under Dr. Zudiker that visit A-Yards E.O.P. buildings for check of D.D.P. inmates on usually Tuesdays between the dates of June 1st, 2018 and Jan. 1, 2019 mainly the women employees who visited." (ECF No. 57 at 2). The subpoena recipient is listed as "Richard J. Donovan Litigation Department Attn: C.C. II Connie." (*Id.*). The intended recipient is not a party to this case. The Court denied Plaintiff's motion to issue and serve the requested subpoena on August 6, 2020, because Plaintiff failed to demonstrate that the information requested was not available through ordinary discovery from Defendants. (ECF No. 59).

Defendants oppose Plaintiff's motion to compel, arguing that the request for production of documents was served untimely, the motion itself is objectionable because Plaintiff did not attach the discovery request, and that they did not know Plaintiff was seeking this information from them because the subpoena recipient is a third party. (ECF No. 75).

Pursuant to the Court's scheduling order, "[a]ll discovery . . . shall be completed by all parties on or before **September 7, 2020**," meaning that "requests for production . . . must be sent at least thirty (30) days prior to the established cutoff date so that responses thereto will be due on or before the cutoff date." (ECF No. 44 at 2). Accordingly, Plaintiff's requests for production of document, set four, which were sent to Defendants on September 1, 2020 are untimely. Plaintiff has not explained why he waited until September 1, 2020 to serve his request for production of documents despite receiving the Court's Order dated August 6, 2020, suggesting that he attempt to obtain the requested documents from Defendants, rather than the third party. Defendants were not obligated to respond to requests contained in an unserved subpoena to a third party. In an abundance of caution, the

1 Court reviewed the discovery request and the relevance of the requested
2 information to any of Plaintiff's claims is not obvious.
3    Accordingly, the Court **DENIES** Plaintiff's motion as untimely.  The
4 Court also **DENIES** Plaintiff's request to issue the subpoena he sent to the
5 Court in July for the same reasons outlined in the Court's prior order.  (*See*
6 ECF No. 59).  Except for certain discovery ordered to be provided by
7 Defendants no later than September 24, 2020, discovery is now closed. (*See*
8 ECF No. 72).
9    **IT IS SO ORDERED**.
10 Dated:   September 17, 2020

Hon. Mitchell D. Dembin
United States Magistrate Judge