1
2
3
4
5
6
7                UNITED STATES DISTRICT COURT
8              SOUTHERN DISTRICT OF CALIFORNIA
9
10   LANCE WILLIAMS,                    Case No.:  18cv547-LAB-MDD

11                        Plaintiff,    **ORDER DENYING PLAINTIFF'S**
                                        **MOTION TO COMPEL**
12   v.                                 **DISCOVERY, APPOINT**
                                        **COUNSEL, AND EXTEND**
13   O. ORTEGA, et al.,                 **DISCOVERY DEADLINE**

14                        Defendants.

15                                      [ECF No. 78]
16
17
18        On September 22, 2020, Plaintiff Lance Williams ("Plaintiff"), a state

19   prisoner proceeding *pro se* and *in forma pauperis*, filed a motion to compel

20   Defendants O. Ortega, R. Valencia, S. Bustos, F. Lewis, A. Bowman, and M.

21   Kimani (collectively, "Defendants") to respond to Plaintiff's request for

22   production of documents, set three, numbers 1 and 2.  (ECF No. 78).  Plaintiff

23   also asks the Court to appoint counsel and to extend the discovery deadline.

24   (*Id.* at 2).  Defendants filed a response in opposition, arguing that they

25   produced the documents in their possession and that their objections are

26   valid.  (ECF No. 80).  For the reasons stated herein, the Court **DENIES**

27   Plaintiff's motion.

## I.   **MOTION TO COMPEL**

Plaintiff moves to compel Defendants to respond to requests for production of documents numbers 1 and 2 of his third set.  (ECF No. 78).  He also requests the Court impose sanctions for Defendants' failure to fully respond to his requests.  (*Id.* at 2).  Defendants oppose, contending they either properly objected to the request or produced all responsive documents in their custody, possession, or control.  (ECF No. 80).  Defendants also argue that Plaintiff failed to meet and confer on the matter and did not attach the discovery requests to his motion.  (*Id.*at 1-2).

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."  Fed. R. Civ. P. 26(b)(1).  "Information within the scope of discovery need not be admissible to be discoverable."  *Id.*  District courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b)(2)(C).

A party may request the production of any document within the scope of Rule 26(b).  Fed. R. Civ. P. 34(a).  "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons."  Fed. R. Civ. P. 34(b)(2)(B).  The responding party is responsible for all items in "the responding party's possession, custody, or control."  Fed. R. Civ. P. 34(a)(1).  Actual possession, custody or control is not required.  Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document."  *Soto v. City of Concord*, 162

F.R.D. 603, 620 (N.D. cal. 1995).  A party propounding discovery may seek an order compelling disclosure when the opposing party fails to respond, or contains unfounded objections, to discovery requests.  Fed. R. Civ. P. 37(a)(3)(B).

As an initial matter, Plaintiff contends sanctions should be imposed because the Court ordered Defendants to respond to Plaintiff's request for production of documents, set three.  (ECF No. 78 at 1).  However, the Court denied Plaintiff's request to compel Defendants to respond to set three because Defendants had already agreed to produce responsive documents on or before September 7, 2020.  (ECF No. 66 at 2-3).  For this reason, the Court declines to impose sanctions.  (*See* ECF No. 78 at 1).

In request number 1, Plaintiff asks the Court to require Defendants to provide the current location and, if paroled, the parole office, parole officer, and parole county of inmate witnesses Larry Cleveland and Darrell Donalds. (ECF No. 55 at 14).  Defendants provided Plaintiff with the "Warden's Checkout Orders" for Mr. Cleveland and Mr. Donalds, which contain their parole counties.  (ECF No. 80 at 4).  Defendants further responded that they "do not possess any other responsive documents."  (*Id.*).  Plaintiff argues that Defendants must provide him with the rest of the information he requested. (ECF No. 78 at 2).  However, the Court cannot compel Defendants to produce documents that do not exist or are not in their possession, custody, or control. Accordingly, the Court **DENIES** Plaintiff's motion with respect to request number 1.

In request number 2, Plaintiff asks the Court to require Defendants to provide citizen complaints in the personnel files of all named defendants for actions that are claimed against them in this action.  (ECF No. 55 at 14). Defendants object on the ground that the term "citizen complaints" is "vague

1   and ambiguous," and that if Plaintiff is asking for civil lawsuits they are
2   publicly available. (ECF No. 80 at 3). With respect to Defendants Ortega
3   and Bowman, Defendants contend there "are no responsive documents."
4   (*Id.*). Plaintiff argues that, as a state prisoner, he is unable to obtain these
5   citizen complaints and that Defendants should be ordered to produce them.
6   (ECF No. 78 at 1). Plaintiff also states that he does not "believe [D]efendants'
7   claim that [D]efendants Ortega and Bowman had nothing in their files. . . ."
8   (*Id.* at 3). The term "citizen complaints" is vague and ambiguous,
9   particularly as it relates to correctional officers who may have worked outside
10  of correctional facilities in the past. As a result, the Court **SUSTAINS**
11  Defendants' objection. Moreover, Defendants have responded that there are
12  no responsive documents regarding Defendants Ortega and Bowman. The
13  Court cannot compel the production of documents that do not exist. As such,
14  the Court **DENIES** Plaintiff's motion with respect to request number 2.

## II.   <u>MOTION TO APPOINT COUNSEL</u>

16       Plaintiff next moves the Court to appoint counsel due to the "complexity
17  of the case and large amount of witnesses to be located." (ECF No. 78 at 2).
18  District courts lack authority to require counsel to represent indigent
19  prisoners in 42 U.S.C. § 1983 cases. *Mallard v. United States Dist. Court*, 490
20  U.S. 296, 298 (1989). In exceptional circumstances, the court may request an
21  attorney to voluntarily represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1);
22  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Courts consider a
23  plaintiff's likelihood of success on the merits as well as the plaintiff's ability
24  to articulate his claims *pro se* in light of the complexity of the legal issues
25  involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). However, a
26  *pro se* litigant's difficulty conducting discovery is insufficient to satisfy the
27  exceptional circumstances standard. *See Wilborn v. Escalderon*, 789 F.2d

1328, 1331 (9th Cir. 1986) ("If all that was required to establish successfully the complexity of relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). Similarly, circumstances common to most prisoners, such as lack of legal education, limited library access, or deficient general education, do not amount to exceptional circumstances. *See Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). Moreover, it appears that Plaintiff has a sufficient grasp of his case, the relevant evidence, the legal issues involved, and is able to adequately articulate the basis of his claims as demonstrated by Plaintiff's filings on the docket. The Court notes that Plaintiff's claims are not particularly complex, and although sufficient to survive screening, Plaintiff has not demonstrated a likelihood of success on the merits. Accordingly, the Court **DENIES** Plaintiff's motion to appoint counsel.

## III.   <u>EXTEND DISCOVERY DEADLINE</u>

Plaintiff also requests the Court extend the discovery deadline to permit Plaintiff to subpoena Mr. Donalds' and Mr. Cleveland's parole office to locate them, to authenticate various documents, and to "investigate" why Defendants Ortega and Bowman did not have responsive documents to request number 2. (ECF No. 78 at 2-3). The Court ordered that all discovery be completed on or before September 7, 2020. (ECF No. 44 at 2).

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification . . . . If that party was not diligent, the inquiry should end." *Id.* (citation omitted). In addition to being required to establish good cause, a party moving to extend time after a scheduling order deadline has passed must demonstrate excusable neglect.

*LaNier v. United States*, No. 15cv0360-BAS-BLM, 2017 WL 951040, at *2 (S.D. Cal. Mar. 10, 2017).

Plaintiff has not demonstrated diligence, good cause, or excusable neglect.  First, Plaintiff's belief that Defendants have responsive documents when they have stated otherwise is not good cause.  Second, Plaintiff does not explain why he needs additional time to authenticate various documents.[1] Finally, as indicated in a prior court order, the *in forma pauperis* statute does not authorize nor entitle the expenditure or waiver of public funds for service of subpoenas.  *Davis v. Paramo*, 2017 U.S. Dist. LEXIS 21255, at *8 (S.D. Cal. 2017).  As such, the Court **DENIES** Plaintiff's request to extend the discovery deadline.  In light of this ruling, the Court **DENIES AS MOOT** Plaintiff's request that the Court issue subpoenas on his behalf.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Court **DENIES** Plaintiff's motion.

**IT IS SO ORDERED**.

Dated:   October 2, 2020

Hon. Mitchell D. Dembin
United States Magistrate Judge

---

[1] Plaintiff asks the Court whether he has to authenticate any documents he plans to use at trial.  (ECF No. 78 at 2).  The Court advises Plaintiff that the Federal Rules of Evidence govern whether authentication of evidence is required.