UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>O. ORTEGA, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 18cv547-LAB-MDD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR RECONSIDERATION**<br><br>[ECF No. 85] |

On October 7, 2020, Plaintiff Lance Williams ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed a motion to compel Defendants O. Ortega, R. Valencia, S. Bustos, F. Lewis, A. Bowman, and M. Kimani (collectively, "Defendants") to supplement their response to his request for production of documents, set two, number two. (ECF No. 85 at 1). Plaintiff also asks the Court to reconsider its September 17, 2020 Order denying Plaintiff's motion to compel his request for production of documents, set four and denying his request that the Court issue a subpoena on his behalf. (*Id.* at 2-3). Defendants filed a response in opposition on October 15, 2020. (ECF No. 87).

//

## I.    MOTION TO COMPEL

First, Plaintiff asks the Court to compel Defendants to supplement their response to request number two of his second set of requests for production of documents. (*Id.* at 1). Request two asks Defendants to "[p]rovide [an] overview diagram or photo of A-Yard prison housing units included needed to show jury a play by play of the incident to show location of plaintiff and defendants as well [as] a photo of P.S.U Facility to show holding cages and place where offices sit to show where plaintiff was and where defendants were when plaintiff requested medical care." (ECF No. 55 at 10).

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). The responding party is responsible for all items in "the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. cal. 1995). A party propounding discovery may seek an order compelling disclosure when the opposing party fails to respond, or contains unfounded objections, to discovery requests. Fed. R. Civ. P. 37(a)(3)(B).

Plaintiff contends Defendants only provided an overview diagram for the P.S.U. Facility and not a photo. (ECF No. 85 at 1). Plaintiff explains that an actual photo "would be more adequate to convey [a] message to [the] jury." (*Id.*). Defendants produced diagrams of the A-Yard, P.S.U., and housing unit

1 at Richard J. Donovan Correctional Facility.  (ECF No. 87-1 at 2).
2 Defendants do not have any other responsive documents.  (*Id.*).

3 The Court cannot compel Defendants to produce documents that do not
4 exist or are not in their possession, custody, or control.  Accordingly, the
5 Court **DENIES** Plaintiff's motion with respect to request number two.

## II.     MOTION FOR RECONSIDERATION

7 Second, Plaintiff asks the Court to reconsider its September 17, 2020
8 Order, which denied his motion to compel Defendants to produce documents
9 responsive to his requests for production of documents, set four, and his
10 request that the Court issue a non-party subpoena.  (ECF Nos. 85 at 2-3; 76).

11 Pursuant to Federal Rule of Civil Procedure 59(e), district courts have
12 the power to reconsider a previous ruling or entry of judgment.  Under Rule
13 59(e), it is appropriate to alter or amend a previous ruling if "(1) the district
14 court is presented with newly discovered evidence, (2) the district court
15 committed clear error or made an initial decision that was manifestly unjust,
16 or (3) there is an intervening change in controlling law."  *United Nat. Ins. Co.*
17 *v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (citation
18 omitted).

19 In denying Plaintiff's prior motion, the Court noted that Plaintiff's
20 discovery requests were sent on September 1, 2020 and that the discovery
21 deadline was September 7, 2020.  (ECF No. 76 at 2).  Thus, the Court denied
22 Plaintiff's motion because the discovery requests were untimely, but noted
23 that "the relevance of the requested information to any of Plaintiff's claims is
24 not obvious."  (*Id.* at 2-3).  Plaintiff claims the Court should reconsider its
25 prior Order because he "is a layman, *pro se*, indigent with mental health
26 impairments and is oblivious to the discovery rules and procedures."  (ECF
27 No. 85 at 2).

Plaintiff's *pro se* status does not demonstrate grounds for reconsideration. "Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). "The hazards which beset a layman when he seeks to represent himself are obvious. He who proceeds *pro se* . . . does so with no greater rights than a litigant represented by a lawyer, and the trial court is under no obligation to become an 'advocate' for or to assist and guide the *pro se* layman . . . ." *Jacobsen v. Filler*, 790 F.2d 1362, 1365 n.5 (9th Cir. 1986) (quoting *United States v. Pinkey*, 548 F.2d 305, 311 (10th Cir. 1977)). Accordingly, the Court **DENIES** Plaintiff's motion for reconsideration. (ECF No. 85 at 2-3).

### III.   CONCLUSION

Based on the foregoing reasons, the Court **DENIES** Plaintiff's motion in its entirety.

**IT IS SO ORDERED**.

Dated:   October 15, 2020

Hon. Mitchell D. Dembin
United States Magistrate Judge