UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>            Plaintiff,<br><br>v.<br><br>O. ORTEGA, et al.,<br><br>            Defendants. | Case No.: 18cv547-LAB-MDD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT A PRIVATE INVESTIGATOR**<br><br>[ECF No. 91] |

On October 21, 2020, Lance Williams ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed a motion for appointment of a private investigator. (ECF No. 91). Plaintiff contends he needs an investigator to help locate and interview witnesses "to minimize jury trial time due to testifying." (*Id.* at 1).

Title 28, U.S.C. § 1915, authorizes federal courts to permit commencement of a suit without prepayment of fees and costs upon a showing of indigency and allows indigents who are unable to pay the entire filing fee upon filing to pay in installments. 28 U.S.C. § 1915(a) & (b). Section 1915 does not authorize or require federal courts to finance or subsidize a civil action or appeal by paying expert fees or other costs. *Hadsell*

*v. Commissioner of Internal Revenue Service*, 107 F.3d 750, 752 (9th Cir. 1997); *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993).  The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress.  *See United States v. MacCollom*, 426 U.S. 317, 321 (1976); *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989).

Plaintiff has not shown any Congressional authority for the Court to pay for an investigator for him in this civil action.  An incarcerated *pro se* plaintiff may have great difficulty pursuing his action from prison, but that does not mean that the Court can or must fund his efforts.  He must find a way to prosecute his action within his financial means and consistent with his status as a prisoner.

Accordingly, Plaintiff's motion for a private investigator is **DENIED**.

**IT IS SO ORDERED.**

Dated:   October 21, 2020

_____
Hon. Mitchell D. Dembin
United States Magistrate Judge