UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>O. ORTEGA, et al.,<br><br>Defendants. | Case No.: 18cv547-LAB-MDD<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>[ECF No. 108] |

On December 9, 2020, Lance Williams ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983, moved the Court to impose sanctions upon Defendants for withholding documents responsive to his document requests in request for production of documents, set three, numbers 2 and 3. (ECF No. 108). Defendants filed a response in opposition, arguing that they produced all responsive documents in their possession, custody, and control, and that they otherwise validly objected to the requests. (ECF No. 110). For the reasons stated herein, the Court **DENIES** Plaintiff's request pursuant to Federal Rule of Civil Procedure 37(c)(1), but **ORDERS** Defendants to: (1) conduct a further search of responsive documents to Plaintiff's requests for production of documents, set three, numbers 2 and 3; (2) conduct a thorough review of

the prior production in this case; and (3) file a declaration with the Court explaining whether their production complies with Federal Rule of Civil Procedure 26(g).

## I.        LEGAL STANDARD

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."  Fed. R. Civ. P. 26(b)(1).  "Information within the scope of discovery need not be admissible in evidence to be discoverable."  *Id.*  District courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b)(2)(C).

A party may request the production of any document within the scope of Rule 26(b).  Fed. R. Civ. P. 34(a).  "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons."  Fed. R. Civ. P. 34(b)(2)(B).  If the responding party chooses to produce responsive information, rather than allow for inspection, the production must be completed no later than the time specified in the request or another reasonable time specified in the response.  *Id.*  An objection must state whether any responsive materials are being withheld on the basis of that objection.  Fed. R. Civ. P. 34(b)(2)(C).  An objection to part of a request must specify the part and permit inspection or production of the rest.  *Id.*  The responding party is responsible for all items in "the responding party's possession, custody, or control."  Fed. R. Civ. P. 34(a)(1).  Actual possession, custody or control is not required.  Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a

legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995).

Pursuant to Federal Rule of Civil Procedure 37(c), a party that fails to provide responsive documents it has in its possession, custody, or control, "is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In the event a party wrongfully withholds responsive information, sanctions may be imposed under Rule 26(g)(3) against anyone who signed the response. Fed. R. Civ. P. 26(g)(1)(A)-(3).

## II.  RELEVANT BACKGROUND

Plaintiff propounded requests for production, set three, around June 4, 2020. (ECF No. 65 at 2). As relevant to the instant motion, request number two asks Defendants to produce "all healthcare appeal grievances . . . in the personnel files of all named defendants for actions that are claimed against them in this complaint." (ECF No. 55 at 14). Plaintiff specifies that for Defendant Valencia, that includes "acts of deliberate indifference to medical and mental health care, failure to act, failure to report incident, failure to protect, dishonesty, falsifying discipline reports, fabrication of charges and evidence, retaliation." (*Id.* at 15). Request number three asks Defendants to produce "[a]ll 602 appeal grievances custody and medical filed on R. Valencia by Plaintiff Lance Williams." (*Id.* at 15).

On July 16, 2020, Plaintiff filed a motion to compel Defendants to respond to his requests for production set three. (ECF No. 55). Defendants indicated that they would provide a response to Plaintiff's third set on or before September 7, 2020. (ECF No. 65 at 2). Accordingly, the Court denied Plaintiff's motion to compel responses to his third set. (ECF No. 66 at 3).

On September 22, 2020, Plaintiff moved to compel Defendants to respond to his third set of requests for production of documents, numbers 1 and 2. (ECF No. 78). However, in moving to compel production of documents responsive to request number 2, Plaintiff only sought "citizen complaints" in the personnel files of all named defendants. (ECF No. 78). Defendants objected on the ground that the term "citizen complaints" is "vague and ambiguous." (ECF No. 80 at 3). The Court sustained Defendants' objection. (ECF No. 81).

On September 24, 2020, Defendants supplemented their response to Plaintiff's third set of requests for production of documents. (ECF No. 111 at 14). With respect to request number 3, Defendants objected on the grounds that the requested documents "are equally available to Plaintiff as part of his own prison Central file or by request through the prison appeals office." (*Id.*). Notwithstanding the objection, Defendants produced CDCR 602 Log No. RJD-A-18-02815 and CDCR 602 Log No. RJD-A-03783 and noted that "there are no other responsive documents." (*Id.*).

### III.   DISCUSSION

Plaintiff argues Defendants failed to produce healthcare grievances he filed against Defendant Valencia. In support, Plaintiff attaches 602-HC grievances in his possession that Defendants did not produce. (ECF No. 108 at 23-47). The grievances in Plaintiff's possession are responsive to request numbers 2 and 3 because they are healthcare grievances filed by Plaintiff against Defendant Valencia. (*See* ECF No. 55 at 14-15). Defendants concede that they did not produce these healthcare grievances. (*See* ECF No. 111 at 3). They argue they do not have possession, custody, or control over these healthcare grievances and that they validly objected to Plaintiff's request on the grounds that they were in Plaintiff's possession. (*Id.*). Defendants

further contend the Court should uphold its prior Order sustaining their objection to request number 2 on the grounds that it is vague. (*Id.* at 2).

First, Defendants' objection to request number 2 was raised in response to Plaintiff's use of the term "citizen complaints." (ECF No. 80 at 3). To the extent Defendants claim that the term "healthcare appeal grievances" is vague, that objection is overruled. Defendants' second objection is also meritless. There may be value in determining whether Defendants had documents in their possession, custody, or control despite Plaintiff also having access to them.

The fact that Defendants could not find grievances against named defendants in this action begs credulity and the Court is concerned about Defendants' record keeping and search for records. Notwithstanding these concerns, the Court recognizes that Plaintiff is in possession of these documents. Therefore, the Court **DENIES** Plaintiff's request to impose monetary sanctions pursuant to Federal Rule of Civil Procedure 37(c)(1) because the failure to produce was harmless. Instead, the Court **ORDERS** Defendants to: (1) conduct a further search of responsive documents to Plaintiff's requests for production of documents, set three, numbers 2 and 3; (2) conduct a thorough review of the prior production in this case; and (3) file a declaration with the Court explaining whether their production complies with Federal Rule of Civil Procedure 26(g) on or before **January 8, 2021**.

**IT IS SO ORDERED**.

Dated:   December 29, 2020

Hon. Mitchell D. Dembin
United States Magistrate Judge