UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>        Plaintiff,<br><br>v.<br><br>O. ORTEGA, et al.,<br><br>        Defendants. | Case No.: 18cv547-LAB-MDD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>[ECF No. 120] |

  On January 20, 2021, Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, moved the Court to appoint counsel. (ECF No. 120). In support, Plaintiff explains the case is "too complex and difficult to litigate with [his] mental health impairments and [the] coronavirus pandemic." (*Id.* at 1). Additionally, Plaintiff lacks a legal education and law library access. (*Id.* at 1-2).

  District courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional

circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

First, circumstances common to most prisoners, such as lack of legal education and limited law library access do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. (ECF No. 24 at 2); *see e.g., Wood*, 900 F.2d at 1335-36 (affirming denial of appointment of counsel where plaintiff lacked legal education and had limited law library access); *Galvan v. Fox*, No. 2:15-cv-01798-KJM (DB), 2017 U.S. Dist. LEXIS 56280, at *23 (E.D. Cal. Apr. 12, 2017). Second, and more importantly, the Court has recommended that Defendants' motion for summary judgment be granted. (ECF No. 114). Accordingly, Plaintiff has not demonstrated a likelihood of success on the merits and, therefore, has not demonstrated exceptional circumstances to appoint counsel. *See Wilborn*, 789 F.2d at 1331. Based on the foregoing, the Court **DENIES** Plaintiff's motion to appoint counsel.

**IT IS SO ORDERED**.

Dated: January 21, 2021

Hon. Mitchell D. Dembin
United States Magistrate Judge