UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>                    Plaintiff,<br><br>    v.<br><br>O. ORTEGA, et al.,<br><br>                    Defendants. | Case No.: 18cv0547-LAB-MDD<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION**<br>**[DKT. 114]** |

Lance Williams ("Williams"), a state prisoner incarcerated at Richard J. Donovan Correctional Facility ("RJD") proceeding *pro se* and *in forma pauperis* filed an Amended Complaint on December 11, 2019, alleging civil rights violations pursuant to 18 U.S.C. § 1983. (Dkt. 39). Williams brought Eighth Amendment claims against six defendants (collectively "Defendants"): (1) Defendant O. Ortega for using excessive force against him on March 1, 2018; (2) Defendants R. Valencia, S. Bustos, and A. Bowman for failing to intervene and stop the attack; (3) Defendant Ortega and Defendant F. Lewis for threats and retaliation against him; and (4) Defendant M. Kimani, Psychiatric Technician, for deliberate indifference to Williams' medical needs when she examined him after the use-of-force incident on March 1, 2018. Defendants have moved for summary judgment on the ground that Williams failed to exhaust his administrative remedies prior to

filing suit. (Dkt. 82).

Magistrate Judge Mitchell Dembin issued a Report and Recommendation ("R&R") on January 4, 2021, recommending that Defendants' motion for summary judgment be granted. (Dkt. 114). Williams filed a timely Objection arguing that he was prevented from filing grievances against the Defendants because he feared Defendant Ortega would follow through on his threats of physical retaliation if Williams filed any grievances on the named Defendants. (Dkt. 125 at 2). A district court has jurisdiction to review a Magistrate Judge's R&R on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court has reviewed Judge Dembin's R&R, Williams' objections (Dkt. 125), Defendants' reply (Dkt. 126), and Williams' sur-reply (Dkt. 128). For the reasons below, the Court **ADOPTS IN FULL** Judge Dembin's R&R.

The R&R sets forth the standard for summary judgment and a discussion of the Prison Litigation Reform Act's exhaustion requirement and the Court does not repeat those here. The Supreme Court has emphasized that proper exhaustion is mandatory, and requires a prisoner to make proper use of all steps of the grievance process, so jail officials can reach the merits of the issue. *See Woodford v. Ngo*, 548 U.S. 81, 90, 93 (2006). Defendants' bear the burden to establish that a grievance procedure existed and that Williams didn't properly exhaust it. *See Wyatt v. Terhune*, 315 F.3d 1108, 1112 (9th Cir. 2003). If Defendants meet this burden, the burden shifts to Williams to show the grievance procedure was unavailable. *See Albino v. Baca*, 697 F.3d 1023, 1032 (9th Cir. 2012).

Williams concedes that he did not exhaust his administrative remedies because he maintains he was afraid Defendant Ortega would retaliate. (Dkt. 106, "Oppo."). Fear of retaliation can excuse a prisoner's failure to exhaust

administrative remedies. *See McBride v. Lopez*, 807 F.3d 982, 987 (2015). To demonstrate fear of retaliation, a prisoner must show subjective and objective grounds for his fear. *Id.* at 987-88. Judge Dembin determined that Williams has satisfied the subjective prong since Williams has presented sufficient evidence that he was afraid of retaliation by Defendant Ortega.[1]

Even so, the R&R appropriately concludes that Williams hasn't satisfied the objective prong. *See McBride,* 807 F.3d at 988 ("Hostile interaction, even when it includes a threat of violence, does not necessarily render the grievance system 'unavailable'"). Defendants' Exhibit 82-1 (Dkt. 82) shows Williams filed eighteen staff complaints in 2018 between April and July. These facts undercut Williams' allegation that he feared retaliation if he filed a grievance about the March 1, 2018, altercation. (Dkt. 82, Exh.1 at 6-9). Additionally, Judge Dembin noted that Williams not only filed this federal civil rights action just two weeks after the alleged incidents, but specifically named Defendant Ortega as the first Defendant in the instant action. (Dkt. Nos. 1, 39, 114). Therefore, the R&R properly found Williams' fear of retaliation was not objectively reasonable. *See McBride*, 807 F.3d at 988 (9th Cir. 2015).

Defendants also assert that Williams' claim against Defendant Kimani for deliberate indifference to his medical needs fails as a matter of law. (MSJ at 8). But because the Court grants Defendants' motion for summary judgment on exhaustion grounds, Williams' specific claim against Defendant Kimani needn't be addressed.

The Court **ADOPTS IN FULL** Judge Dembin's R&R. (Dkt. 114). Defendants'

---

[1] According to Williams, Defendant Ortega threatened Williams with physical punishment if Williams filed any further grievances against him. Williams also claimed in his Opposition that despite his fear he did prepare a grievance against Defendant Ortega but was ultimately too fearful to file it. (Oppo. at 4).

Motion for Summary Judgment is **GRANTED**. (Dkt. 82).  The clerk is directed to enter judgment in favor of Defendants and close the case.

IT IS SO ORDERED.

Dated: September 30, 2021

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge